UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:12-cr-00056-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| LAWRENCE SIKUTWA, | |
| Defendant. | |

## INTRODUCTION

Before the Court is third party Iman Mohamed's Motion to Quash Pursuant to 12 U.S.C. § 3410 (Dkt. 83).  Ms. Mohamed seeks to quash a subpoena issued to Wells Fargo Bank. The subpoena asks the bank to produce various documents relating to Ms. Mohamed's bank accounts and financial transactions.  For the reasons explained below, the Court will grant the motion and quash the subpoena to the extent it seeks documents related to Ms. Mohamed's finances.  The Court will deny the motion to the extent it seeks to prevent the bank from producing records related to Defendant Lawrence Sikutwa.

## BACKGROUND

In July 2013, Defendant Lawrence Sikutwa pleaded guilty to conspiring to file false claims for refunds, in violation of 18 U.S.C. § 286. The Court sentenced Mr. Sikutwa to 21 months' imprisonment, followed by a three-year term of supervised release. *See Judgment,* Dkt. 81. The Court also ordered Mr. Sikutwa to pay $1,466,799 to the IRS as restitution. Mr. Sikutwa has hardly made a dent in satisfying the restitution order; according to the government, he still owes $1,465,544. *See Response,* Dkt. 85, at 2.

In its efforts to collect the restitution order, the government is now seeking to obtain information relating to third party Iman Mohamed's finances. Ms. Mohamed is Mr. Sikutwa's wife. The couple married on August 7, 2015, just a few weeks after Mr. Sikutwa was released from prison.[1] The government says it believes Ms. Mohamed's financial records "may lead to information regarding money, accounts, and other assets of Defendant." *Response,* Dkt. 85, at 1.

Ms. Mohamed moves to quash the subpoena the government issued to Wells Fargo Bank. In her motion, she says that "my finances, accounts, and limited liability company are 100% owned by myself and also held separate and apart from Lawrence

---

[1] The Federal Bureau of Prisons' inmate locator indicates that Mr. Sikutwa was released on July 17, 2015. *See* https://www.bop.inmate/loc (last visited Nov. 14, 2016).

Sikutwa . . . ." *Mohamed Stmt.,* Dkt. 83-1.  She also points out that she has "not violated any criminal or civil statute" and that she is not a party to the underlying criminal case.

## ANALYSIS

Ms. Mohamed moves to quash the subpoena under the Right to Financial Privacy Act (RFPA), 12 U.S.C. § 3401 to 3422.  This Act has been described as a "statutory Fourth Amendment for bank customers." *Davidov v. SEC*, 415 F. Supp. 2d 386, 388 (S.D.N.Y. 2006).  It is "intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." H.R. Rep. No. 95-1383 (1978), reprinted in 1978 U.S.C.C.A.N. 9273, 9305.  In keeping with this intent, the Act provides that the government may issue a subpoena for the records of customers of financial institutions only if the "subpoena is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3407(1).  Another provision lays out the procedures for bank customers to challenge subpoenas issued to a bank, as well as the procedures for the district courts to rule on those challenges.[2]  *See* 12 U.S.C. § 3410.

---

[2] These rules require the Court to rule on the motion within seven days of the government's response.  12 U.S.C. § 3410(b) ("All such proceedings shall be completed and the motion or application decided within seven calendar days of the Governments' response.").  Due to the press of this Court's docket, this requirement was not satisfied, and the Court offers its apology to the parties.  In future filings in other cases, the Court invites the government to specifically alert the Court to the need for a ruling within 7 seven days, perhaps by including a legend such as this in the caption of its responsive brief: "*RULING REQUIRED BY STATUTE WITHIN SEVEN CALENDAR DAYS.*"  Though the statute certainly does not require such a legend, it would assist the Court in managing its docket and timely ruling on these motions.

This provision requires the Court to quash the subpoena if any of the following is true: (1) the government failed to substantially comply "with the provisions of this chapter"; or (2) "there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry."  12 U.S.C. § 3410(c).

### 1.  Procedural Compliance

Ms. Mohamed does not argue that the government failed to comply with RFPA's procedural requirements and the record does not reveal any failures in that regard.  *See, e.g.,* 28 U.S.C. §§ 3407, 3410; *Aug. 17, 2016 Letter to Iman Mohamed,* Dkt. 85-4.

### 2.  Legitimate Law Enforcement Inquiry

The next question is whether the subpoena was issued as part of a "legitimate law enforcement inquiry."  12 U.S.C. § 3407, 3410.  The government says the "inquiry" is its ongoing efforts to collect information regarding Mr. Sikutwa's assets so that it can enforce the restitution order.  Ms. Mohamed does not dispute the existence of an underlying "inquiry."  Accordingly, the Court will assume that the requisite, underlying "inquiry" exists by virtue of the government's efforts to collect the restitution order.  *See generally United States v. Thomas*, 165 F. Supp. 3d 992, 995 (D. Colo. 2015).

The government may enforce the restitution order in accordance with the practices and procedures for collecting a civil judgment. *See* 18 U.S.C. § 3613(a), (c); *see also* 28 U.S.C. § 3202 (setting forth procedures to enforce judgments).  Thus, the issuance of a civil subpoena under Rule 45 of the Federal Rules of Civil Procedure is an appropriate

means of seeking information related to the enforcement of a restitution order.  Further, under the Federal Debt Collection Procedures Act, the government may take discovery in any manner authorized under the Federal Rules of Civil Procedure in an action on a claim for a debt.  28 U.S.C. § 3015.  And Rule 69 permits discovery in aid of a judgment "from *any person* – including the judgment debtor – as provided in these rules . . . ."  Fed. R. Civ. P. 69 (emphasis added).  *See generally Wright & Miller,* 12 Fed. Prac. & Proc. Civ. § 3014 (2d ed. 2012) ("A judgment creditor may obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution.") (footnote citations omitted).

Based on this authority, the Court concludes that the government has satisfied the requirement that the subpoena be issued as part of a legitimate law enforcement inquiry. The more difficult question is whether the government reasonably believes the records it seeks are relevant to that inquiry.

### 3.  Reasonable Belief that the Records Sought Are Relevant to the Inquiry

The government has asked Wells Fargo Bank to produce two separate categories of documents.  The first request seeks the following:

> For all accounts of any kind owned by, held by, controlled by, or for which signature authority is granted to Lawrence Sikutwa, SSN: 7287 *or spouse Iman Mohamed*, non-citizen, please provide copies of all signature cards, account or loan applications, [and] credit or debit card applications.

*Ex. A to Subpoena,* Dkt. 85-4 (emphasis added).

The first problem with this request – at least as it relates to Ms. Mohamed – is the

lack of a limiting time period.  To comply with the subpoena, Wells Fargo would need to produce all signature cards, account or loan applications, or credit or debit card applications Ms. Mohamed has ever filled out – regardless of when those documents were signed or submitted.

The government has not adequately explained why it has reason to believe that documents dating so far back might be relevant to its efforts to collect a restitution order against Mr. Sikutwa – particularly when Ms. Mohamed did not marry Mr. Sikutwa until August 2015.  On this point, the government apparently assumes – without any supporting evidence other than the fact of the marriage – that Ms. Mohamed's finances were somehow entwined with Mr. Sikutwa's before the couple married.  After noting the August 2015 marriage, the government simply states that Ms. Mohamed was "presumably in a close relationship with him since before August 2015."  Dkt. 85, at 5. No more detail is provided as to the couple's finances or history, despite the government's ability to access information relating to *Mr. Sikutwa's* finances. (The criminal judgment obligates Mr. Sikutwa to provide the United States probation office "with access to any requested financial information."  *See Criminal Judgment*, Dkt. 81, at 4.)

The government next points out that Idaho is a community property state, which means that Mr. Sikutwa's separate, pre-nuptial debts could potentially be payable from community property.  *See Response,* Dkt. 85, at 1, 5-6; *see generally Bliss v. Bliss*, 898 P.2d 1081, 1084 (Idaho 1995) (observing the general rule that a party's "separate

antenuptial debts . . .are payable from community property."). This may well be true, but the government is seeking to discover documents pertaining to Ms. Mohamed's *pre-marital* finances. Under Idaho statutory law, all property owned by either spouse before marriage is separate property. *See* Idaho Code § 32-903.[3]

Under these authorities, and on the slender record provided to the Court, there is no basis for ordering the bank to produce documents related to Ms. Mohamed's pre-marital accounts with Wells Fargo.

Further, at this point, the Court is not convinced that the government is entitled to review documents related to accounts or applications Ms. Mohamed may have separately opened or completed after the couple married in August 2015. Rather, the more logical approach would be for the government to question Ms. Mohamed regarding her finances before seeking a wholesale document production from the bank. This is in keeping with other courts' rulings, which generally support the notion that "third parties can be examined only about the assets of the judgment debtor and cannot be required to disclose their own, although probing questioning is allowed with regard to third parties with close ties to the judgment debtor." *Wright & Miller,* 12 Fed. Prac. & Proc. Civ. § 3014 (2d ed. 2012) (footnote citations omitted; citing numerous cases).

---

[3] Idaho Code § 32-903 provides: "*Separate property of husband and wife.* All property of either the husband or the wife owned by him or her before marriage, and that acquired afterward by either by gift, bequest, devise or descent, or that which either he or she shall acquire with the proceeds of his or her separate property, by way of moneys or other property, shall remain his or her sole and separate property."

For these reasons, the Court will grant Ms. Mohamed's motion as it relates to the first request.

The second request is also overly broad as it relates to Ms. Mohamed.  It seeks the following documents:

> [F]or the period January 1, 2015 through and including the present provide copies of any and all monthly statements, cancelled checks (front and back), deposit tickets, deposited items, debit and credit memos, and details on money wires or other transfers into or out of any accounts owned by, held by, controlled by, or for which signature authority is granted to either one of the above-named individuals.

*Ex. A to Subpoena,* Dkt. 85-4.

For the reasons already explained, the Court is not persuaded that the government reasonably believes information pertaining to Ms. Mohamed's financial situation *before* August 7, 2015 might be relevant to the defendant's finances or any assets that might be available to satisfy the restitution order.  Nothing in the record supports such a theory; indeed, given that Mr. Sikutwa was incarcerated up until a few weeks before the marriage, it seems unlikely that Ms. Mohamed's pre-marital finances have any bearing on assets that may be available to satisfy the restitution order imposed against Mr. Sikutwa. Unlike in many other cases where courts were persuaded to order discovery, there is no allegation that Ms. Mohamed is hiding Mr. Sikutwa's assets.

The only potentially relevant information would be money that flowed in to Ms. Mohamed's accounts on or after August 7, 2015.  Theoretically, at least some of these monies might be available to satisfy Mr. Sikutwa's separate, pre-marital debts.  On the

other the hand, these amounts might well be separate property.  The mere fact of the couple's marriage is not enough to convince the Court to allow the requested discovery at this point.  The Court will therefore quash the subpoena, though it will do so without prejudice to the government providing a more narrowly tailored subpoena along with the chance to supplement the record regarding Ms. Mohamed's financial situation.

## ORDER

**IT IS ORDERED that** the Motion to Quash the Subpoena (Dkt. 83) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED and the subpoena is QUASHED to the extent it seeks documents related to Ms. Mohamed's finances.

2. The motion is DENIED to the extent the subpoena seeks documents pertaining to Defendant Lawrence Sikutwa's finances.

3. The Bank is therefore ordered to provide documents responsive to the subpoena *with the following amendments*:

   a. For all accounts of any kind owned by, held by, controlled by, or for which signature authority is granted to Lawrence Sikutwa, SSN: 7287 ~~or spouse Iman Mohamed, non-citizen~~, please provide copies of all signature cards, account or loan applications, [and] credit or debit card applications.

   b. In addition, for the period January 1, 2015 through and including the present provide copies of any and all monthly statements, cancelled checks (front and back), deposit tickets, deposited items, debit and credit memos, and details on money wires or other transfers into or out of any accounts owned by, held by, controlled by, or for which signature authority is granted to **Lawrence Sikutwa, SSN: 7287** ~~either one of the above-named individuals.~~

**IT IS FURTHER ORDERED that** the government's counsel shall promptly
serve a copy of this Order upon Wells Fargo Bank and upon Ms. Mohamed.

DATED: November 22, 2016

B. Lynn Winmill
Chief Judge
United States District Court